IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,833-01






EX PARTE CID ARTECONA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 052550 IN THE 15TH DISTRICT COURT


FROM GRAYSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault and sentenced to imprisonment for life on each count. The Fifth Court of
Appeals affirmed his convictions. Artecona v. State, 05-09-01283-CR (Tex. App.--Dallas 2011,
no pet.).

 Applicant contends that he was denied the opportunity to file a pro se petition for
discretionary review (PDR). Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App.
1997). In these circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order appellate counsel to respond to Applicant's claim. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the April 21, 2011 letter in the record
is an accurate copy of the letter appellate counsel sent Applicant. If the trial court finds that it is, it
shall also determine from the mail logs at the Texas Department of Criminal Justice when Applicant
received this letter. The trial court shall also make any other findings of fact that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: January 16, 2013

Do not publish